HARRIS, J.
We elect to dispense with oral argument in this case.
Pennington filed this malpractice action against his attorneys because a summary judgment against him ended his previous suit for medical malpractice. In the earlier aetion, Pennington’s criticism of his attorneys caused them to move to withdraw because of irreconcilable differences. After notice, the trial court granted the lawyers’ motion to withdraw. Pennington proceeded in that action pro se and, some sixty days after the lawyers were permitted to withdraw, a summary judgment was entered for the defense. No appeal was taken from the judge’s decision to permit the attorneys to withdraw.
In his malpractice action against his lawyers, it is the fact of their withdrawal that is the core of Pennington’s complaint. But the trial court in the action then pending found merit in the lawyers’ claim that irreconcilable differences with the client required them to withdraw. This ruling was not appealed. Pennington had ample opportunity, almost 90 days from the lawyers’ motion and over 60 days from the order permitting them to withdraw, to employ replacement counsel. The lawyers were not responsible for Pennington’s failure or inability to do so.
Pennington filed the first two complaints in this action pro se. An attorney filed the complaint finally dismissed by the court with prejudice. We agree with the trial court that none of the complaints state a cause of action against the lawyers for malpractice and there is no indiction that a fourth try would do any better.
AFFIRMED.
COBB and PETERSON, JJ., concur.